UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KELLEY D. SCHICK,

                              Plaintiff,

        v.

ERIC W. OYER,

                              Defendant.

**REPORT
and
RECOMMENDATION**

**07-CV-0629A(F)**

_____

APPEARANCES:        CELLINO & BARNES, P.C.
                          Attorneys for Plaintiff
                          DAVID MICHAEL GOODMAN, of Counsel
                          17 Court Street
                          7th Floor
                          Buffalo, New York 14202-3290

                          BROWN & KELLY, LLP
                          Attorneys for Defendant
                          NICOLE B. PALMERTON, and
                          LISA T. SOFFERIN, of Counsel
                          1500 Liberty Building
                          Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on October 31, 2007, for all pretrial matters.  The matter is presently before the court on Defendant's motion to dismiss (Doc. No. 2), filed October 29, 2007.

## BACKGROUND

Plaintiff Kelley D. Schick ("Plaintiff"), commenced this action on September 21, 2007, seeking to recover monetary damages from Defendant Eric W. Oyer ("Defendant"), for injuries Plaintiff sustained in an automobile accident ("the accident")

in Pennsylvania on September 24, 2004, when Plaintiff's vehicle was struck by

Defendant's vehicle.  On October 29, 2007, Defendant filed the instant motion (Doc.

No. 2) ("Defendant's motion") to dismiss the complaint for lack of personal jurisdiction

and as time-barred.  Defendant's motion is supported by the attached Declaration of

Nicole B. Palmerton, Esq. ("Palmerton Declaration"), with exhibits A through L

("Palmerton Declaration Exh(s). __"), the Affidavit of Eric W. Oyer ("Oyer Declaration"),

and Defendant's Memorandum of Law Submitted in Support of Defendant's Motion to

Dismiss ("Defendant's Memorandum").  In opposition to Defendant's motion, Plaintiff

filed on December 5, 2007, the Declaration of David M. Goodman, Esq. (Doc. No. 6)

("Goodman Declaration"), the Affidavit of Kelley D. Schick (Doc. No. 7) ("Schick

Affidavit"), a Memorandum of Law (Doc. No. 8) ("Plaintiff's Memorandum"), and an

Appendix of Exhibits (Doc. No. 9) ("Plaintiff's Exh(s). __").  In further support of

Defendant's motion, Defendant filed on December 21, 2007, the Reply Declaration of

Nicole B. Palmerton, Esq. (Doc. No. 11) ("Palmerton Reply Declaration").  Oral

argument was deemed unnecessary.

 Based on the following, Defendant's motion should be GRANTED.


## FACTS[1]

 On September 24, 2004, Plaintiff Kelley D. Schick ("Plaintiff"), was injured in an

automobile accident ("the accident") in Pennsylvania when Plaintiff's vehicle was hit by

a vehicle driven by Defendant Eric W. Oyer ("Defendant").  Although it is undisputed

---

[1] Taken from the pleadings and motion papers filed in this action.

that Oyer is, and has been at all times relevant to this action, a resident of Pennsylvania, the parties dispute whether Plaintiff is, for purposes of this action, properly considered a citizen of New York or Pennsylvania.  In particular, Plaintiff purchased a home in Lockport, New York in 2001, where Plaintiff resided with her three children, attending local schools.  During the summer of 2004, Plaintiff and her children traveled to Florida for vacation, intending to return to New York prior to the start of the new school year.  During the return trip, Plaintiff stopped to visit with her father in Green Castle, Pennsylvania.  Following the accident, Plaintiff remained at her father's home in Pennsylvania while she recovered from her injuries, allegedly intending to return to New York, but in February 2005, was forced to sell her New York home and remain in Pennsylvania.[2]

On July 25, 2006, Plaintiff commenced a personal injury action against Oyer in New York Supreme Court, Niagara County ("state court") ("the state court action"), alleging essentially the same facts and asserting the same claims against Oyer as in the instant action, seeking monetary damages for injuries Plaintiff sustained in the September 24, 2004 accident.  On October 3, 2006, Defendant moved in state court to dismiss the state court action for lack of personal jurisdiction arguing that Defendant, a resident of Pennsylvania, where the accident occurred, is not a New York citizen and, as such, is not subject to personal jurisdiction in New York.  On May 7, 2007, New York Supreme Court Justice Frank Caruso ("Justice Caruso"), granted the motion and dismissed the state court action for lack of personal jurisdiction ("Justice Caruso's May

---

[2] It is not clear from the record whether Plaintiff, following the accident, ever returned to New York to live.

3

7, 2007 order").  Plaintiff did not appeal from Justice Caruso's May 7, 2007 order, and the time in which to appeal has since expired.

## **DISCUSSION**

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(2) and (6), to dismiss the instant action for, respectively, lack of personal jurisdiction and as untimely.  According to Defendant, although there is subject matter jurisdiction in this court under 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties, the fact that Defendant is a citizen of Pennsylvania, where Defendant lives and works, the accident occurred, and Plaintiff was injured, and that Defendant has never maintained any residence, been domiciled, or conducted any business in New York establishes there is no jurisdictional basis upon which to subject Defendant to personal jurisdiction in New York.  Defendant's Memorandum at 2-3, 5-13.  Defendant further maintains that Plaintiff's action is time-barred under Pennsylvania's two-year statute of limitations applicable to negligence actions, 42 Pa.C.S.A. § 5524 (2004) ("§ 5524"), based on New York's borrowing statute, N.Y. Civ. Prac.L. & R. § 202 (2003) ("§ 202") providing that where the cause of action accrues in another state, a non-resident plaintiff, bringing the action in New York courts, must satisfy the statutes of limitations for both New York (N.Y. Civ. Prac. L. & R. § 214(5) (2003) (three years)) and the state where the cause of action accrued, here, Pennsylvania.  Defendant's Memorandum at 3-4, 13-17 (citing N.Y. Civ. Prac. L.&R. § 202).[3]

---

[3] According to N.Y. Civ. Prac. L. & R. § 202, "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the

In opposition to dismissal, Plaintiff argues that New York's borrowing statute, §
202, does not apply in the instant action because the cause of action accrued in favor
of a New York resident, *i.e.*, Plaintiff, given that Plaintiff, at the time of the accident, was
only temporarily living in Pennsylvania and intended to return to her New York home.
Plaintiff's Memorandum at 2-5.  Plaintiff further argues that because there is complete
diversity between Plaintiff and Defendant in the instant action pursuant to 28 U.S.C. §
1332, and Defendant was properly served with process, "[p]ersonal jurisdiction based
on diversity is therefore established."  Plaintiff's Memorandum at 6.  Plaintiff further
maintains that as discovery in this action has yet to occur, and because long-arm
jurisdiction in New York may be based upon a single act by the Defendant in New York,
dismissal for want of personal jurisdiction is, at this time, premature.  *Id*. at 7.

In further support of dismissal, Defendant asserts that Plaintiff does not dispute
that Defendant is a citizen of Pennsylvania, and has failed to allege any facts which, if
true, could subject Defendant to personal jurisdiction in New York.  Palmerton Reply
Declaration ¶¶ 3-12.  Defendant relies on statements made in his own affidavit as
demonstrating the absence of any factual issue which could establish a basis for
personal jurisdiction in New York over Defendant.  *Id*. ¶¶ 13-19.  Finally, Defendant
contends Plaintiff has failed to establish an issue of fact showing she was a New York
citizen such that New York's borrowing statute, § 202, by which Pennsylvania's two-
year statute of limitations must be met, does not apply.  *Id*. ¶¶ 22-32.

---

state or the place without the state where the cause of action accrued, except that where the cause of
action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

As a threshold matter, the court observes that "[j]urisdiction to resolve cases on the merits requires both authority over the category of claim in the suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). The court therefore first addresses the distinction between subject matter jurisdiction and personal jurisdiction.

"Subject matter jurisdiction defines the court's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984). *See U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997) ("Subject matter jurisdiction is concerned with the kinds of cases the federal district courts are empowered to decide . . .. Personal jurisdiction, in contrast, is concerned with the relationship of a given defendant to the particular geographic area in which a case is brought."). The burden of proving either subject matter or personal jurisdiction is on the party asserting it. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (citing cases). Further, personal jurisdiction may be waived, whereas lack of subject matter jurisdiction cannot be waived, and can be raised at any time, including *sua sponte* by the court and for the first time on appeal. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (U.S. 2004). Here, given that Defendant bases his motion to dismiss on lack of personal jurisdiction, Defendant has not waived such defense. *See* Palmerton Declaration ¶¶ 2-3 (explaining Defendant moves under Rule 12(b)(2) to dismiss for lack of personal jurisdiction).

6

Subject matter jurisdiction may be founded, for example, on federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332.  That a civil action is between citizens of different states and the statutory threshold of $ 75,000 is met for purposes of establishing diversity jurisdiction, however, does not automatically result in personal jurisdiction over a non-domiciliary defendant.  *See Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 637 (S.D.N.Y. 2000) ("It is, after all, possible for a court to have subject matter jurisdiction over a particular set of claims, but not personal jurisdiction over a particular defendant.").  Rather, "[p]ersonal jurisdiction over a defendant in a diversity action in the United States District Court for the [Western] District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citing cases).  As such, it generally would be necessary to first consider whether there is any basis for personal jurisdiction over Defendant, a non-domiciliary, under New York law.  Here, however, the issue of personal jurisdiction over Defendant on the same claims has already been litigated and ruled on in the state court action.

Not addressed by the parties is the need to give "full faith and credit" to Justice Caruso's May 7, 2007 order dismissing the state court action for lack of personal jurisdiction over Defendant.  Pursuant to 28 U.S.C. § 1738, all judicial proceedings of any court of any state within the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  Federal courts must "give a prior state court decision the same preclusive effect that the courts of that state would give to it." *Colon v. Coughlin*, 58 F.3d 865, 869 n. 2 (2d Cir. 1995) (citing *Kremer v. Chemical Constr.*

*Corp.*, 456 U.S. 461, 466 (1982) (citing 28 U.S.C. § 1738)).  The full faith and credit

statute applies in action before the court based on diversity jurisdiction.  *Doctor's*

*Association, Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995).  "To accord full faith and

credit to a given state-court judgment, the court must at least apply that state's

principles of *res judicata* and collateral estoppel."  *Town of Deerfield v. FCC*, 992 F.2d

420, 429 (2d Cir. 1993).  The court thus discusses whether New York's doctrine of *res*

*judicata* or collateral estoppel precludes further litigation on the personal jurisdiction

issue currently before the court.

New York law provides that *res judicata* precludes a claim where "(1) the

previous action involved an adjudication on the merits; (2) the previous action involved

the parties or those in privity with them; and (3) the claims asserted in the subsequent

action were, or could have been, raised in the prior action."  *Pike v. Freeman*, 266 F.3d

78, 91 (2d Cir. 2001) (brackets omitted) (*citing Monahan v. N.Y. City Dep't of Corr.*, 214

F.3d 275, 284-85 (2d Cir. 2000)).  In contrast, "[u]nder New York law, collateral estoppel

prevents a party from religitating an issue decided against that party in a prior

adjudication.  It may be invoked to preclude a party from raising an issue (1) identical to

an issue already decided (2) in a previous proceeding in which that party had a full and

fair opportunity to litigate."  *Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 109 (2d

Cir. 2002) (internal citations and quotation marks omitted).  Here, because Justice

Caruso's May 7, 2007 order was not a decision on the merits of the presented claims

for relief but, rather, decided only whether Defendant was subject to personal

jurisdiction in New York, which is identical to the personal jurisdiction issue pending in

the instant case, the court applies New York's collateral estoppel principles.  *See 1 Five*

8

*0, Inc. v. A. Schulman, Inc.*, 2000 WL 744003, *2 (W.D.N.Y. June 5, 2000) (applying New York collateral estoppel principles to personal jurisdiction issues under New York law). *See also Keeler v. West Mountain Corp.*, 482 N.Y.S.2d 92, 92 (3d Dep't 1984) (same). Further, collateral estoppel is substantive law. *People ex rel. Dowdy v. Smith*, 399 N.E.2d 894, 896 (N.Y. 1979) ("we are here applying the substantive rule of collateral estoppel which springs from *res judicata* principles. . ..").

Applying New York's collateral estoppel principles establishes that the issue of personal jurisdiction, including long-arm jurisdiction, over Defendant in New York was fully and fairly litigated in the state court action. In particular, Defendant's motion to dismiss the state court action was predicated on a lack of personal jurisdiction over Defendant in New York, given that Defendant has always been domiciled in Pennsylvania, has never lived, worked, regularly transacted business, or owned property in New York, and the accident occurred in Pennsylvania. Palmerton Declaration Exh. J (Affirmation of Nicole B. Palmerton, Esq., in Support of Motion to Dismiss State Court Action) ¶¶ 2, 6, 8, 16-19, and 23. In opposition to such motion, Plaintiff, as here, argued that because Defendant was timely served, personal jurisdiction over Defendant in New York was obtained. Palmerton Declaration Exh. L (Responding Affirmation of David M. Goodman, Esq.) ¶¶ 7-11. In Justice Caruso's May 7, 2007 order, Justice Caruso granted Defendant's motion to dismiss for lack of personal jurisdiction over Defendant based on arguments presented by attorneys for both Plaintiff and Defendant, Palmerton Declaration Exh. I, thereby indicating the parties had a full and fair opportunity to litigate the personal jurisdiction issue in the state court action. Significantly, Plaintiff did not appeal the decision and the time in

9

which to appeal has since expired.  Accordingly, Justice Caruso's May 7, 2007 order is

a final decision on the personal jurisdiction issue, between the same parties, which had

a full and fair opportunity to litigate the issue in the prior state court action, such that

collateral estoppel, pursuant to the full faith and credit requirements, precludes

relitigation of the issue in the instant action.

Although Plaintiff maintains in the instant action that Defendant is subject to

personal jurisdiction in New York "based on diversity jurisdiction," Plaintiff's

Memorandum at 6, as discussed, Discussion, *supra*, at 5-6, diversity of citizenship

establishes subject matter jurisdiction, which is a separate and distinct concept from

personal jurisdiction.  *Morton*, 467 U.S. at 828; *Thistlethwaite*, 110 F.3d at 864.

Furthermore, contrary to Plaintiff's repeated assertion, Plaintiff's Memorandum at 6-7;

Goodman Declaration ¶¶ 10-11, service of process does not establish personal

jurisdiction over the served defendant; rather, service of process is a prerequisite to the

court's exercise of personal jurisdiction over a defendant for whom there is a basis for

such jurisdiction.  *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S.

97, 104 (1987).

Plaintiff also takes exception to Justice Caruso's determination that Plaintiff was

domiciled in Pennsylvania, rather in New York.  Although Defendant suggested in

support of the motion to dismiss filed in the state court action that Plaintiff was, in fact, a

resident of Pennsylvania, rather than New York, Palmerton Declaration Exh. L ¶¶ 8, 10-

13, the record does not indicate whether Justice Caruso ever reached that issue and

the issue remains unresolved.[4]  In any event, Plaintiff's residence at the time of initiating

this action is irrelevant as the court finds that there is no personal jurisdiction over

Defendant and, therefore, need not determine the existence of diversity jurisdiction.

*Ruhrgas AG*, 526 U.S. 587-88 (personal jurisdiction finding may be made before

diversity jurisdiction finding).

Assuming, *arguendo*, that Plaintiff remained a New York resident, or that

Plaintiff, prior to commencing this action became a New York resident, such fact would

establish diversity of citizenship between Plaintiff and Defendant, *see Freeport-

McMoRan, Inc. v. K. N. Energy, Inc.*, 498 U.S. 426, 428 (1991) (applying "well-

established rule that diversity of citizenship is assessed at the time the action is filed"),

but, as Defendant argues, Defendant's Memorandum at 9-12, it would provide no basis

for finding Defendant is subject to personal jurisdiction in New York.  Actions based on

tort are personal in nature, and thus transitory, and may be sued upon by a plaintiff in

any available forum state, but such fact does not thereby provide a basis for personal

jurisdiction over a non-resident defendant in such state.  *Atchison, T.&S.F. Ry. Co. v.

Sowers*, 213 U.S. 55, 67 (1909) (citing cases).

Alternatively, nothing in the record establishes any basis for subjecting

Defendant to personal jurisdiction in the instant action.  Plaintiff maintains Defendant is

subject to personal jurisdiction pursuant to New York's long-arm statute, N.Y. Civ. Prac.

---

[4] In particular, Defendant argued Plaintiff was a resident of Pennsylvania based on evidence in the record that Plaintiff gave a Pennsylvania address to the police officer investigating the accident, provided information that in April 2004, Plaintiff was working at a pizzeria located in Pennsylvania, Plaintiff's Patient Identification Form completed in connection with Plaintiff's hospitalization for injuries sustained in the accident indicates her father, a Pennsylvania resident, as her next of kin and Plaintiff's billing address as the same as her father's Pennsylvania address, and Plaintiff continued to list a Pennsylvania address as of March 24, 2005 and October 2004.  Palmerton Declaration Exh. J ¶¶ 8, 10-13.

L. & R. § 302 (2001) ("§ 302").  As relevant to the instant case, § 302 provides for such

jurisdiction where a non-domiciliary defendant

> 1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2.  commits a tortious act within the state, . . . ; or
> 3.  commit a tortious act without the state causing injury to person or property within the state, . . . , if he
> > (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4.  owns, uses or possesses any real property situated within the state.

> N.Y. Civ. Prac. L. & R. § 302.

Although Plaintiff argues that Defendant's negligent act, committed in Pennsylvania,

resulted in injury to Plaintiff within New York because Plaintiff was, at the time of the

accident, domiciled in New York where she maintained a residence to which Plaintiff

intended to return following a vacation and visit with her father in Pennsylvania,

Plaintiff's Goodman Declaration ¶¶ 4, 6, 7, 17-18, 21, 23, 27-41, 55-59, thereby

suggesting Defendant is subject to personal jurisdiction pursuant to § 302(a)(3), such

facts, even if true, are insufficient to subject Defendant to personal jurisdiction in New

York because the record is entirely devoid of any evidence that Defendant transacts

*any* business in New York, including even a single business transaction giving rise to

the subject accident, or derives *any* revenue from interstate or international commerce.

Simply put, "the residence of the injured party in New York is not sufficient to satisfy the

clear statutory requirement of an 'injury within the state.'"  *McGowan v. Smith*, 419

N.E.2d 321, 324 (N.Y. 1981) (quoting *Fantis Foods v. Standard Importing Co.*, 402

12

N.E.2d 122, 126 (N.Y. 1980)).

Moreover, that Justice Caruso's May 7, 2007 order granted Defendant's motion to dismiss the state court action for lack of personal jurisdiction "without prejudice" does not, as Plaintiff asserts, Goodman Declaration ¶¶ 48-51, establish that Plaintiff could obtain personal jurisdiction over Defendant in this court based on diversity jurisdiction. Rather, a more correct interpretation of the phrase "without prejudice" suggests that Justice Caruso's dismissal of the state court action was based on a procedural bar, *i.e.*, lack of personal jurisdiction over the Defendant, rather than the merits of the action, and that Justice Caruso was refraining from expressing any view as to whether Plaintiff could commence a new action in Pennsylvania, in either state or federal district court, or whether such action would be time-barred.  In short, with regard to Plaintiff's personal injury claim against Defendant, there is no basis on which to find Defendant subject to personal jurisdiction in New York in either state court or federal district court, even if Plaintiff could establish New York citizenship for purposes of subject matter jurisdiction based on complete diversity of citizenship between the parties.  As such, Defendant's motion should be GRANTED based on a lack of personal jurisdiction, and the court need not address whether the instant claims are time-barred.[5]

---

[5] Even if Plaintiff is able to establish herself as a citizen of New York for diversity jurisdiction purposes, the instant claims would be time-barred in a subsequent action brought in Pennsylvania, whether in state or federal district court.  Specifically, a federal district court exercising diversity jurisdiction is obliged to apply state substantive law, including the relevant statute of limitations.  *Menichini v. Grant*, 995 F.2d 1224, 1228 n. 2 (3d Cir. 1993).  Pennsylvania's statute of limitations for personal injury founded on negligence or other tortious conduct is two years.  42 Pa. C.S.A. § 5524(7).  Pennsylvania has a "savings clause" which provides an additional one year grace period in which to refile an action following dismissal without prejudice, *i.e.*, for lack of personal jurisdiction.  42 Pa. C.S.A. § 5535 (2004) ("§ 5535").  Although the savings clause applies to actions commenced outside Pennsylvania, Pennsylvania's two-year limitations period is not tolled while an earlier action is pending either in federal court or in another state's court.  *Gurfein v. Sovereign Group*, 826 F.Supp. 890, 903 & n 14 (E.D.Pa. 1993) (citing cases).  Furthermore, § 5535 does not apply to "[a]n action to recover damages for injury to the person or for the

## **CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss (Doc. No. 2) should be

GRANTED for lack of personal jurisdiction over Defendant; the Clerk of the Court

should be directed to close the file.

Respectfully submitted,

/s/*Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       May 1, 2008
             Buffalo, New York

---

death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another."
 42 Pa. C.S.A. § 5535(a)(2)(i).  As such, the savings clause would be unavailable to Plaintiff in a
subsequent actions commenced in Pennsylvania, whether in state or federal district court.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>

Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:       May 1, 2008
             Buffalo, New York